IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH PURVEY | * | |
| Plaintiff, | | |
| v. | * | CIVIL NO. JKB-16-2851 |
| | | |
| THE CIRCUIT COURT OF BALTIMORE CITY | * | |
| Defendant. | * | |
| | ***** | |

**MEMORANDUM**

Before the court for preliminary screening is Joseph Purvey's ("Purvey") self-represented "petition" and motions for leave to proceed in forma pauperis. ECF Nos. 1-3. Although filed on a 28 U.S.C. § 2241 form for filing a habeas corpus petition, Purvey raises no challenge to his custody, conviction, or sentence. Instead, he seeks to file a complaint against the Circuit Court for Baltimore City in which he seemingly disputes contempt and protective order rulings issued by two Baltimore City Circuit Court judges. He seeks a federal court order to arrest an individual (presumably the mother of his daughter) and to alter the terms of a child custody decree.[1] ECF No. 1, p. 7. His cause of action shall be construed as a civil rights action, filed pursuant to 42 U.S.C. § 1983. Purvey's motions for leave to proceed in forma pauperis shall be granted. His complaint, shall, however, be summarily dismissed.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case before service of process upon a finding that the action has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Indeed, this Court must conduct

---

[1] On August 23 and 30, 2016, Purvey filed two letters, construed as complaints to be raised in this action. He raises vague claims that his contract, property, and visitation rights have been violated. ECF Nos. 4 & 5.

a preliminarily review of Complaint allegations before service of process and dismiss them if satisfied that the Complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted).

*Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.  Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. LeekeI* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007).  When a federal court is evaluating a self-represented Complaint, the Plaintiff's

allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

As best as this court can discern, Purvey is challenging state court decisions issued in a domestic relations matter in state court.[2] This involves matters of family law. Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992). It may be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship, even when divorce, alimony, or child custody is not strictly at issue:

> "This would be so when a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties."

*Id*. at 705-706 (quoting *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 814 (1976)).

---

[2] According to the state court docket, in October of 2009, a two-party custody proceeding was filed in the Circuit Court for Baltimore City by Louise Dower against Purvey. Proceedings were held before Circuit Court Judges Lawrence Fletcher-Hill, Christopher Panos, Cynthia Jones, Yvette Bryant, and Kendra Ausby. The case is ongoing, with proceedings currently reset for January of 2017. *See Dower v. Purvey*, Case No. 24D09003448 (Cir. Ct. for Baltimore City 2016), *available at* Maryland Judiciary Case Research, http://casesearch.courts.state.md.us.

This conclusion is supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the state court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are eminently more suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over child custody and support decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power over these cases because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees. The court will not intrude on such custody and visitation decisions.

Further, to the extent that Purvey wishes to file a civil rights complaint that seeks criminal charges against the mother of his daughter, this court has no authority to initiate criminal charges. The decision whether or not to prosecute, and for what offense, rests with the prosecution. *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 F. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). If Purvey seeks to pursue criminal charges, he must bring his allegations to the attention of law enforcement authorities, not this court.[3]

---

[3] The court further observes that Purvey has named the Circuit Court of Baltimore City as Defendant. Section 1983 allows for a plaintiff to assert a claim against any "person" who, acting under color of state law, "depriv[ed] [another] of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. A plaintiff seeking to bring a claim under § 1983 must meet two requirements: (1) the conduct complained of was committed by a person acting under color of law; and (2) the conduct deprived the plaintiff of rights, privileges,

The court finds that the complaint raises no factual or legal basis upon which to take review over such a dispute. The matter shall be dismissed.[4] A separate Order follows.

Date: September 6, 2016.               /s/
                                       James K. Bredar
                                       United States District Judge

---

or immunities secured to him by the Constitution and the laws of the United States. *See Wirth v. Surles*, 562 F.2d 319, 321 (4th Cir. 1977) (citing *Monroe v. Pape*, 365 U.S. 167 (1961)). As a threshold matter, the court notes that the Circuit Court of Baltimore City is a free-standing building. It is not a "person" subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Consequently, the complaint against the named Defendant is subject to dismissal.

[4] On August 23, 2016, Purvey filed a motion for extension of time to "organize and appropriately group the large quantity of public officials…" ECF No. 4. Given the ruling of this court, the motion shall be denied as moot.